IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILLIP MARC FABRE,

        Plaintiff,

    v.

THOMAS HANSEN (in his
individual and official capacities), et al.,

        Defendants.

3:12-cv-02361-HZ

OPINION & ORDER

Phillip Marc Fabre
6770 SW 203rd Court
Aloha, OR 97007

    Pro Se Plaintiff

Ellen F. Rosenblum
Andrew Hallman
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Phillip Marc Fabre, pro se, brings a claim alleging that Defendants– forty-eight "member[s] of hospital staff" at the Portland Oregon State Hospital ("POSH"), violated his Thirteenth Amendment rights pursuant to 42 U.S.C. § 1983 when he was serving an involuntary civil commitment at POSH.[1]  Compl., ¶¶ 3-50.  Plaintiff alleges that Defendants violated his Thirteenth Amendment rights by demanding that he "[g]et [b]etter," by subjecting him to "hard labor, mentally," and by "forc[ing him] to work for the nebulous indicators of 'wellness' one credit at a time."  Id., ¶¶ 65-66.  Now before me is Defendants' motion to dismiss [8] for lack of subject-matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.[2]  For the reasons that follow, Defendants' motion to dismiss under Rule 12(b)(6) is GRANTED.[3]

## STANDARD

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005) (citing Cervantes v. U.S., 330 F.3d 1186, 1187 (9th Cir. 2003)).  In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Plaintiff asserts that the Oregon Court of Appeals vacated his involuntary civil commitment. Defendants do not challenge Plaintiffs' assertion.
[2] Plaintiff also brought a claim for false imprisonment, but dismissed that claim.  Resp., p. 8.
[3] Defendants concede that their motion to dismiss the Complaint under Rule 12(b)(1) lacks merit. Accordingly, Defendants only seek to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6).

2 - OPINION & ORDER

defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citation omitted).

Pleadings presented by individuals appearing pro se are held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Pro se filings are construed liberally. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Before the court dismisses a pro se complaint for failure to state a claim, the court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Rouse v. U.S. Dep't of State, 548 F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006) (internal quotation marks and citation omitted). "To sustain an action under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that

3 - OPINION & ORDER

the conduct deprived the plaintiff of a constitutional right." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted). "Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1. Involuntary servitude "occurs when an individual coerces another into his service by improper or wrongful conduct that is intended to cause, and does cause, the other person to believe that he or she has no alternative but to perform the labor." Brogan v. San Mateo Cnty., 901 F.2d 762, 764 (9th Cir. 1990) (citations omitted).

Plaintiff's conclusory allegations that Defendants violated his Thirteenth Amendment rights by demanding that he "[g]et [b]etter," by subjecting him to "hard labor, mentally," and by "forc[ing him] to work for the nebulous indicators of 'wellness'" simply do not state a claim for relief. Compl., ¶¶ 65-66. Indeed, none of Plaintiff's factual allegations gives rise to a claim that Defendants coerced him into service by improper conduct that was intended to cause–and that did in fact cause–Plaintiff to believe that he had no alternative but to perform labor during the time he was civilly committed pursuant to a state court order. Plaintiff also makes no allegations as to how each Defendant was personally involved with his alleged Thirteenth Amendment violations. Accepting all of Plaintiff's factual allegations in the Complaint as true and construing his pleadings in the light most favorable to him, Plaintiff fails to state a claim under the Thirteenth Amendment.[4] Because Plaintiff's claim against Defendants cannot be cured by

---

[4] Plaintiff filed a "sur-response" to Defendants' reply without leave of court. Local Rule 7-1(e)(3) prohibits such briefings, stating, "Unless directed by the Court, no further briefing

4 - OPINION & ORDER

alleging other facts, Plaintiff's complaint is dismissed without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be possibly cured by the allegation of other facts.") (internal quotation marks and citations omitted).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [8] is GRANTED.

IT IS SO ORDERED.

DATED this  12  day of  Feb. , 2014.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

---

[beyond a reply] is allowed."  It is worth noting that even if I were to consider Plaintiff's sur-response, it fails to establish that Plaintiff sufficiently states a claim under the Thirteenth Amendment.

5 - OPINION & ORDER